UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYBRID ATHLETICS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>HYLETE LLC,<br><br>   Defendant. | Case No. 18-mc-80166-VKD<br>Case No. 18-mc-80167-VKD<br><br>**ORDER TRANSFERRING MOTIONS TO QUASH TO THE DISTRICT OF CONNECTICUT**<br><br>Re: Dkt. No. 1 |

These two related miscellaneous matters arise out of a lawsuit Hybrid Athletics, LLC ("Hybrid") filed against Hylete LLC ("Hylete") in the United States District Court for the District of Connecticut, Case No. 3:17-cv-01767-VAB *Hybrid Athletics, LLC v. Hylete LLC* ("Connecticut Action"). In Case No. 18-mc-80166-VKD, Hybrid moves to quash a Fed. R. Civ. P. 45 subpoena Hylete served on non-party Crossfit, Inc. ("Crossfit"). The subpoena, which issued from the District of Connecticut, directs Crossfit to produce documents and provide testimony in Palo Alto, California. Case No. 18-mc-80166, Dkt. No. 2-1. In Case No. 18-mc-80167-VKD, Crossfit moves to quash the same subpoena. Hybrid and Crossfit object to the requested discovery on several grounds, including that the subpoena seeks irrelevant and privileged information.

Although briefing on the motions to quash is not yet complete, for the reasons discussed below, this Court transfers both motions to the District of Connecticut pursuant to Fed. R. Civ. P. 45(f).

Rule 45 provides that a subpoena must be issued from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to

the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The circumstances presented here weigh in favor of transferring the pending motions to quash to the District of Connecticut. Both Hybrid and Crossfit request that their respective motions to quash be transferred to the Connecticut Action. Case No. 18-mc-80166, Dkt. No. 1 at 10; Case No. 18-mc-80167, Dkt. No. 1 at 15. While Hylete opposes the motions to quash, it has not stated any objection to a transfer of the pending motions. Moreover, exceptional circumstances exist because this Court is informed that Judge Bolden, who presides over the Connecticut Action, recently held a discovery hearing on disputes concerning similar discovery Hylete served on Hybrid. *See Costco Wholesale Crop. v. Crane*, No. 16-mc-80189-JSC, 2016 WL 5394115, at *2 (N.D. Cal., Sept. 27, 2016) ("The Court finds that exceptional circumstances exist because the issues raised by Costco's motion to compel either have been ruled on by or are currently pending before Judge Brooks in the Southern District of California.").

For these reasons, transferring the pending motions to quash serves the interests of judicial economy and the consistent management of the underlying litigation. Accordingly, the Court transfers Hybrid's and Crossfit's respective motions to quash to the District of Connecticut.

**IT IS SO ORDERED.**

Dated: October 4, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge